UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENELOPE JEREZ,<br><br>Plaintiff,<br><br>-vs-<br><br>KEYSTONE PC HOLDINGS, LLC *d/b/a* SMILES FOR KEEPS,<br><br>Defendants | Civil Action No.<br><br>**COMPLAINT**<br><br>**PLAINTIFF REQUESTS A TRIAL BY JURY** |

Plaintiff, PENELOPE JEREZ ("Plaintiff" and/or "JEREZ"), by and through undersigned counsel, hereby files this Civil Action Complaint against Defendants, KEYSTONE PC HOLDINGS, LLC *d/b/a* SMILES FOR KEEPS ("Defendant" and/or "KEYSTONE") and upon information and belief avers the following:

## NATURE OF THE CASE

Plaintiff brings this action against Defendants for pregnancy discrimination, retaliation, and hostile work environment, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978 ("The PDA"), as codified, 42 U.S.C. §2000e(k), the Pennsylvania Human Relations Act, 43 P.S. §§ 951, et seq. ("PHRA"), and the Pregnant Workers'

Fairness Act ("PWFA"), as codified, 42 U.S.C. §2000(gg). Plaintiff was subjected to discriminatory treatment and harassment based on her pregnancy. Plaintiff further experienced retaliation after reporting and opposing the discriminatory conduct to Human Resources. Shortly after engaging in this protected activity, Plaintiff's employment was terminated. As a direct and proximate result of Defendants' unlawful actions, Plaintiff suffered lost wages, emotional distress, humiliation, loss of enjoyment of life, damage to her professional reputation, and other damages, for which she seeks relief under the PDA and the PHRA.

**JURISDICTION AND VENUE**

1. This action arises under federal and state law, including Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act, 43 P.S. §§ 951, et seq. ("PHRA"), as Plaintiff alleges sex/gender (pregnancy) discrimination, harassment, hostile work environment, and retaliation.

2. This Court has subject matter jurisdiction over Plaintiff's claims arising under federal law under 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over the claims arising under Commonwealth law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Middle District of Pennsylvania, as the discriminatory and retaliatory conduct giving rise to Plaintiff's claims occurred within the County of Luzerne within the Middle District of Pennsylvania.

5. Around December 23, 2024, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission ("PHRC") alleging sex/gender (pregnancy) discrimination, hostile work environment, and retaliation.

6. On July 16, 2026, the EEOC issued a Determination and Notice of Rights, permitting Plaintiff to file this action and completing her exhaustion of administrative remedies.

7. As more than one year has elapsed since Plaintiff dual-filed her Charge of Discrimination with the PHRC, Plaintiff's claims under Pennsylvania law are also now ripe for inclusion in this Complaint.

## PARTIES

8. Plaintiff PENELOPE JEREZ ("PLAINTIFF" or "JEREZ"), is an individual adult female who resides in the Commonwealth of Pennsylvania.

9. Defendant KEYSTONE PC HOLDINGS, LLC d/b/a SMILES FOR KEEPS (hereinafter referred to as "Defendant" and/or "KEYSTONE") is a domestic limited liability company created under and authorized to do business pursuant to the laws of the Commonwealth of Pennsylvania.

10. Defendant KEYSTONE, as part of a larger dental practice group, operated a registered headquarters located at 103 Eisenhower Parkway, Suite 102, Roseland, NJ 07068.

11. At all times material, Defendant KEYSTONE operated a "SMILES 4 KEEPS" dental office at 98 South Church Street, Hazleton, Pennsylvania 18201 called the "Hazleton Smile Center," where Plaintiff worked for Defendant.

12. At all times material, Defendant KEYSTONE employed Plaintiff as a Dental Assistant.

## MATERIAL FACTS

13. Around October 21, 2023, Plaintiff began working for Defendant KEYSTONE as a Dental Assistant.

14. In that role, Plaintiff worked under the supervision of KEYSTONE's Office Manager, Daniela Espinosa ("Espinosa.")

15. At all times, Plaintiff excelled in her position and fulfilled job responsibilities with excellence and diligence.

16. At all times relevant, as more set forth fully below, Defendants failed to accommodate Plaintiff during her pregnancy by neglecting their duty to provide reasonable adjustments necessary to support her health and well-being in the workplace.

17. Despite Plaintiff’s explicit requests for accommodations including reduced lifting, modified duties, and additional breaks, such requests were either ignored or inadequately addressed. This failure not only placed undue physical strain on Plaintiff but also created an environment of undue stress and hostility, exacerbating the challenges associated with her pregnancy. By failing to engage in a good faith interactive process to explore and implement these accommodations, Defendants demonstrated a disregard for Plaintiff's rights under applicable state and federal workplace and anti-discrimination laws.

18. Defendant’s actions—or lack thereof—constituted a breach of their legal obligations and caused harm to the Plaintiff's physical and emotional health.

19. As noted above, Defendant Espinosa was Plaintiff’s direct supervisor.

20. Accordingly, around March 15, 2024, Plaintiff informed Defendant ESPINOSA of her pregnancy. She also notified Defendants’ Human Resources department, submitting documentation from her treating physician to support her notification.

21. Throughout Plaintiff’s pregnancy, Plaintiff had regularly scheduled appointments with her physician to monitor the health and safety of herself and her developing baby. However, Defendants unreasonably denied her the reasonable time off, forcing her to miss critical milestone check-ins essential for ensuring the well-being of her pregnancy.

22. Defendants also failed to accommodate Plaintiff's request to be able to take brief breaks to drink water or have a snack during the workday, despite her pregnancy-related medical needs. By means of example, during the course of her pregnancy, Plaintiff experienced episodes of low blood pressure, requiring her to sit down, hydrate, and/or consume a small snack to stabilize her condition. However, when Plaintiff attempted to address these needs, Defendants disparaged her and threatened her with termination, creating an intolerable and hostile work environment.

23. Defendants also refused to provide Plaintiff with necessary breaks that were required in order to manage her pregnancy-related needs, often scheduling her for back-to-back patient appointments without any break time in between appointments.

24. Further, ESPINOSA deliberately obstructed Plaintiff's ability to access maternity benefits otherwise offered by Defendant KEYSTONE. Specifically, through Defendant's benefits portal, ESPINOSA created an account on Plaintiff's behalf and intentionally entered inaccurate information, including an incorrect expected delivery date and other critical details, thereby hindering Plaintiff's eligibility for and access to the benefits to which she was otherwise entitled.

25. As a result of Defendant's unlawful behavior, Plaintiff was denied maternity benefits.

26.Furthermore, Defendant KEYSTONE created a narrative to falsely blame Plaintiff for mistakes that she was not responsible for, in order to create a misleading history of performance deficiencies that were wholly untrue.

27.Finally, around September 26, 2024, Defendant terminated Plaintiff's employment, depriving her of her rights and subjecting her to unlawful discrimination.

28.Defendants replaced Plaintiff with a non-pregnant employee, highlighting their discriminatory actions that disregarded Plaintiff's rights and protections as an expectant mother.

29.Plaintiff avers that the reasons asserted by Defendant for her termination were pretextual and were utilized to conceal the discriminatory and retaliatory reasons for the adverse employment action taken against her.

30.Defendants' conduct caused Plaintiff to suffer substantial humiliation, embarrassment, emotional distress, loss of employment, lost wages, and damage to her professional reputation.

31.Defendants' actions and omissions created and perpetuated a working environment that Plaintiff reasonably perceived as hostile, intimidating, and offensive based upon her pregnancy.

32. Defendants knew or should have known of the unlawful actions complained of by Plaintiff and failed to take sufficient measures to protect Plaintiff from the consequences of that conduct and from retaliation for reporting it.

33. Defendants acted with malice and/or reckless indifference to Plaintiff's federally protected rights.

34. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer economic losses, emotional distress, humiliation, embarrassment, loss of enjoyment of life, and other compensable damages.

35. The foregoing is illustrative of Defendants' unlawful conduct and does not encompass the full extent of the discrimination, harassment, hostile treatment, and retaliation to which Plaintiff was subjected.

**COUNT I**
**SEX/GENDER (PREGNANCY) DISCRIMINATION UNDER TITLE VII**

36. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

37. Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e-2, states in relevant part that: "(a) Employer practices - It shall be an unlawful employment practice for an employer—(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to

his compensation, terms, conditions, or privileges of employment, because of such individual’s sex.”

38. Further, Title VII provides that “(k) The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes,

39. Defendant discriminated against Plaintiff on the basis of her sex/gender by subjecting her to unlawful employment practices, including disparate treatment, discriminatory conduct, and termination of her employment.

40. Plaintiff accordingly makes claims for all damages available to her against Defendant under Title VII and the PDA.

## COUNT II
## HOSTILE WORK ENVIRONMENT UNDER TITLE VII

41. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

42. Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e-2, states in relevant part that: “(a) Employer practices - It shall be an unlawful employment practice for an employer—(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to

his compensation, terms, conditions, or privileges of employment, because of such individual's sex."

43.Further, Title VII provides that "(k) The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes,

44.Defendant subjected Plaintiff to a hostile work environment in violation of Title VII by subjecting her to unwelcome, humiliating, and offensive conduct based upon her pregnancy.

45.The harassing conduct directed toward Plaintiff was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment and create an intimidating, hostile, humiliating, and offensive working environment.

46.Defendant knew or should have known of the harassing conduct and failed to take adequate remedial measures to protect Plaintiff from the hostile work environment and its effects.

47.Plaintiff accordingly makes claims for all damages available to her against Defendant under Title VII and the PDA.

**COUNT III**
**RETALIATION UNDER TITLE VII**

48. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

49. Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e-3, states in relevant part that: “(a) It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.”

50. Further, Title VII provides that “(k) The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes,

51. Plaintiff engaged in protected activity when she reported and opposed Defendants’ harassing conduct.

52. Defendant violated Plaintiff’s rights by retaliating against Plaintiff for engaging in protected activity, including by terminating Plaintiff’s employment.

53. Defendant’s stated reasons for terminating Plaintiff’s employment were pretextual and were utilized to conceal Defendant’s unlawful retaliatory motive.

54. Plaintiff accordingly makes claims for all damages available to her against Defendant under Title VII and the PDA.

## COUNT IV
## DISCRIMINATION UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT

55. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

56. The Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951 et seq., prohibits discrimination in employment on the basis of sex, including pregnancy.

57. Defendants discriminated against Plaintiff on the basis of her sex/gender by subjecting her to unlawful employment practices, including disparate treatment, discriminatory conduct, and termination of her employment.

58. Plaintiff accordingly makes claims for all damages available to her under the PHRA.

## COUNT V
## HOSTILE WORK ENVIRONMENT UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT

59. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

60.Defendants subjected Plaintiff to a hostile work environment in violation of the PHRA by subjecting her to unwelcome, humiliating, and offensive conduct based upon her pregnancy.

61.The conduct complained of was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment and create an intimidating, hostile, humiliating, and offensive working environment.

62.Defendant knew or should have known of the harassing conduct and failed to take adequate remedial measures to protect Plaintiff from the hostile work environment and its effects.

63.Plaintiff accordingly makes claims for all damages available to her under the PHRA.

## COUNT VI
## RETALIATION UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT

64.Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

65.The PHRA prohibits retaliation against an employee for opposing practices prohibited by the PHRA.

66.Plaintiff engaged in protected activity when she reported and opposed inappropriate and harassing conduct.

67. Defendants violated Plaintiff's rights by retaliating against her for engaging in protected activity, including by terminating Plaintiff's employment.

68. The reasons subsequently asserted for Plaintiff's termination were pretextual and were utilized to conceal unlawful discrimination and retaliation.

69. Plaintiff accordingly makes claims for all damages available to her under the PHRA.

## COUNT VII
## DISCRIMINATION UNDER THE PWFA

70. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

71. The Pregnant Workers' Fairness Act ("PWFA") provides that: It shall be an unlawful employment practice for a covered entity to—

(1) not make reasonable accommodations to the known limitations related to the pregnancy, childbirth, or related medical conditions of a qualified employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity;

(2) require a qualified employee affected by pregnancy, childbirth, or related medical conditions to accept an accommodation other than any reasonable

accommodation arrived at through the interactive process referred to in section 2000gg(7) of this title;

(3) deny employment opportunities to a qualified employee if such denial is based on the need of the covered entity to make reasonable accommodations to the known limitations related to the pregnancy, childbirth, or related medical conditions of the qualified employee;

(4) require a qualified employee to take leave, whether paid or unpaid, if another reasonable accommodation can be provided to the known limitations related to the pregnancy, childbirth, or related medical conditions of the qualified employee; or

(5) take adverse action in terms, conditions, or privileges of employment against a qualified employee on account of the employee requesting or using a reasonable accommodation to the known limitations related to the pregnancy, childbirth, or related medical conditions of the employee.

72. Defendants discriminated against Plaintiff by subjecting her to unlawful employment practices, including but not limited to denying her reasonable accommodations necessitated by her pregnancy.

73. Plaintiff accordingly makes claims for all damages available to her under the PWFA.

**JURY DEMAND**

Plaintiff requests a jury trial on all issues to be tried.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants, in an amount to be determined at the time of trial plus interest, including but not limited to, all emotional distress, back pay, front pay, punitive damages, liquidated damages, statutory damages, attorney's fees, costs, and disbursements of action; and, for such other relief as the Court deems just and proper.

**FREUNDLICH & LITTMAN, LLC**
*Attorneys for Plaintiff*

By: */s/ Nathaniel N. Peckham, Esq.*
Nathaniel N. Peckham, Esquire
1425 Walnut Street, Suite 200
Philadelphia, PA 19102
P: (215) 545-8500
E: nathaniel@fandllaw.com

Dated: October 6, 2026